IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN M. LITTLE,<br><br>      Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant | NO. 5:07-CV-274 (CWH)<br><br>SOCIAL SECURITY APPEAL |

## **O R D E R**

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for Supplemental Security Income. All administrative remedies have been exhausted and the matter is ripe for review. Jurisdiction in this court arises under §§ 205(g), 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3). The decision under review is the final decision of the Commissioner which, in this case, is that of the Administrative Law Judge issued on December 26, 2006.

**PROCEDURAL HISTORY**

Plaintiff Karen M. Little filed her application for Disability Insurance Benefits on September 10, 2004. The application was denied by a Social Security Determination dated December 30, 2004. A subsequent request for reconsideration was denied on April 13, 2005. Thereafter, on June 2, 2005, plaintiff filed a Request for Hearing by Administrative Law Judge. The matter came on for hearing on September 6, 2006, at which time plaintiff Little presented both testimonial and documentary evidence concerning her physical and mental disabilities. On December 26, 2006, the Administrative Law Judge (ALJ) denied her claim. She next filed a Request for Review of Hearing Decision on January 29, 2007. The Appeals Council declined plaintiff's request for review in an order dated May 14, 2007. On July 18, 2007, she filed the instant action. Tab #1.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. ***Bloodsworth***, *supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq.*

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling.[2] *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

In his written decision, the ALJ memorialized his findings at each step of the aforementioned sequential evaluation process as follows: At step one, after noting that plaintiff Little met the insured status requirements of the Social Security Act through September 30, 2006, the ALJ concluded that she had not engaged in substantial gainful activity since August 10, 2001. At step two, the ALJ determined that plaintiff has as severe impairments Hepatitis C, hypertension, depression, anxiety, and substance abuse. At step three, the ALJ concluded that plaintiff does not have an impairment or combination of impairments which meet or medically equal one of the listings in Appendix 1 of Part 404 of the regulations.

---

[2] There is a limited exception to this "combined effect" requirement when it comes to considering the disability status of a claimant suffering with alcoholism and drug addiction. See 20 C.F.R. § 404.1535 (b)(1).

Before proceeding to step four, the ALJ determined the plaintiff's residual functioning capacity to perform the requirements of her past work.  In doing so, the ALJ found that the plaintiff has the residual functioning capacity to lift twenty-five (25) pounds frequently and fifty (50) pounds occasionally, to stand/walk six hours in an eight hour day, to sit six hours in an eight hour day, and that she should avoid being closed in with crowds of people.  At step four, and in light of the foregoing, the ALJ determined that plaintiff Little is capable of performing past relevant work as a hotel housekeeper and that, as such, she is not disabled.

In her brief in support of her complaint, plaintiff Little raises issues which she contends warrant reversal and/or remand.  The first issue involves certain evidence relied upon by the ALJ in evaluating her testimony.  According to plaintiff, the ALJ improperly discredited her allegations about the intensity, persistence, and limiting effects of symptoms based solely upon her ongoing substance abuse against medical advice.  As a result of this allegedly improper action, the plaintiff contends that the ALJ's subsequent disability determination was erroneous.  In her view, this error warrants reversal or remand.  The undersigned disagrees.

Where, as here, an ALJ determines that a plaintiff's medically determinable impairments can reasonably be expected to produce the alleged symptoms, consideration the severity of these symptoms as well as what impact, if any, the symptoms will have on the plaintiff's mental and physical ability to work must follow.  As a part of this process, the ALJ is required to review and consider all of the objective medical and other evidence concerning the intensity, persistence, and limiting effects of the symptoms.  Often, as in this case, some of this other evidence comes in the form of testimony directly from the plaintiff.  In view of the fact that a plaintiff's symptoms may be disabling yet objectively unverifiable, the ALJ is required to credit a plaintiff's subjective allegations of pain and other symptoms to the extent that they can reasonably be accepted as consistent with medical and other evidence.

Upon a careful review of the record, the undersigned is convinced that the ALJ complied with this process: that is, he reviewed all of the objective medical evidence and <u>other evidence</u> of record and properly credited the plaintiff's alleged symptoms to the extent to which they could reasonably be accepted as consistent therewith.[3] Consequently, the undersigned finds plaintiff's first argument to be without merit.

Plaintiff Little's second issue involves the ALJ's allegedly erroneous application of an improper standard when evaluating the limitations caused by her mental condition. To support this argument, plaintiff cites a portion of the record wherein the ALJ concluded that while the plaintiff's mental disorder does affect her ability to interact with other people, it is not sufficiently severe as to be uncontrollable. This statement, according to the plaintiff, evidences her contention that the ALJ created, from whole cloth, a test which requires a claimant's mental impairments to be so severe that all forms of social interaction are precluded in order for her to be found disabled. This "hermit" test, plaintiff Little contends, is overly strict and not in accordance with laws, rules, and standards applicable in Social Security disability adjudications.

According to the plaintiff, rather than evaluating whether or not she was able to have any social interaction whatsoever, the ALJ should have limited the evaluation to a determination of whether or not her mental impairment prevented her from doing any work which exists in significant numbers in the economy. In support of this argument, plaintiff notes that a claimant's condition may meet the listing for an anxiety disorder (and thereby a finding of disability) if the condition results in marked difficulties in maintaining social functioning as set forth in Listing 12.06 (B)(2) <u>or</u> in complete inability to function independently outside the area of one's home as provided for in Listing 12.06(C). In summary, plaintiff avers that a person may be sufficiently impaired by mental illness to be disabled without being a hermit.

---

[3]With regard to the plaintiff's specific argument, while part of the ALJ's rationale for the aforementioned determination involved ongoing substance abuse, it was by no means the sole consideration nor was it improper. To explain, as used above, "other evidence" include, *inter alia*, the plaintiff's daily activities, efforts to work, and any other evidence showing how the claimant's impairments and any related symptoms affect the claimant's ability to work. As there is ample evidence in the record which indicates that the plaintiff continues to regularly abuse alcohol and other substances, such abuse may be classified as a daily activity. As such, it may be appropriately be considered.

In response to this argument, the defendant observes that the ALJ's comment regarding the controllability of the plaintiff's mental condition was made in the context of a determination of the plaintiff's RFC — not in the analysis of whether the condition met a Listing. Next, the defendant interprets plaintiff Little's discussion of Listing 12.06 as an argument that her mental impairments met the criteria thereof. According to the defendant, such an argument is perfunctory because the plaintiff did not address all of the necessary elements required to show that her impairment met the listing. In particular, the defendant avers that plaintiff Little's observation that an impairment "may meet" the Listing's requirements upon a showing of marked limitations is not sufficient as she failed to make such showing. Finally, and in light of this failure, the defendant contends that the plaintiff has waived any further argument that her impairment satisfactorily met any part of Listing 12.06.

In reply, plaintiff Little claims that the defendant's arguments, while detailed and well composed, mischaracterize her exception to the ALJ's analysis entirely. That is, the plaintiff contends that she never intended to argue that her condition met the criteria of Listing 12.06, but rather that the ALJ's strict standard for assessing her mental disorder was not reasonable. In addition, plaintiff Little opines that in using the ALJ's approach, there most likely would be no "uncontrollable mental disorders" related to profound social dysfunction, insofar as even the most withdrawn person will typically have some sort of interaction with immediate family members. In conclusion, plaintiff Little remarks that the reason for this situation is simple — the ALJ cut the standard from whole cloth.

Having read and carefully considered the briefs of the parties, it appears to the undersigned that plaintiff' actual contention is that, through the creation and application of an overly strict standard not found in the applicable regulations, the ALJ improperly determined that the plaintiff's mental condition was not sufficiently limiting to support a conclusion that she is disabled thereby. By virtue of the fact that the "standard" at issue is first mentioned in the portion of the ALJ's decision wherein he explains his RFC determination, coupled with the plaintiff's concession that she is not arguing that her condition meets a Listing, the undersigned must conclude that the supposed application of the standard took place during or immediately prior to the ALJ's formulation of the plaintiff's RFC.[4]

According to 20 C.F.R. § 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p, and as discussed above, when determining a claimant's RFC, it is necessary to consider all relevant medical and other evidence of the plaintiff's impairments, severe or otherwise. In doing so, it is necessary for the ALJ to consider and give credit to evidence about the limiting effects of the plaintiff's impairments insofar as such evidence can reasonably be accepted as consistent with medical and other evidence. As such, there are times in which certain evidence may be properly rejected by the ALJ.

In the case at bar, plaintiff Little argues that the ALJ has, in effect, improperly rejected evidence of the limiting effects of a mental condition. In doing so, she asserts that the ALJ's decision was not based upon the accepted methods for rejecting or discrediting evidence as set out above, but rather upon an entirely new and prohibitively strict standard not found in the law. This standard, in the case of and as interpreted by the plaintiff, is one which would require the effects of an individual's mental condition to be so severe that *all* forms of social interaction are precluded in order for them to be found disabled. The apparent basis for this conclusion is the ALJ's statement

---

[4]It should be noted that the ALJ did not find, nor does the plaintiff contend, that the evidence in this case is sufficient to show that the plaintiff's mental condition, solely or in combination with her other impairments, met or medically equals the criteria of a listing in Appendix 1 of 20 C.F.R. § 404. It is for this reason that the ALJ's analysis had to continue to an RFC determination.

that certain evidence demonstrating the effects of the plaintiff's mental condition were not characteristic of an uncontrollable mental disorder.  At first glance, and when considered out of context, this contention appears to have merit.  However, given the unambiguous language of the aforementioned Listings, the application of such a standard would never be necessary as the case would be concluded before ever reaching this step of the sequential analysis.  That said, after reviewing the particular language of the ALJ, along with arguments of the parties and the record as a whole, it is clear that the ALJ's statement, rather than announcing a new standard, merely indicated his opinion that certain evidence presented by and/or on behalf of the plaintiff for the purpose of showing the limiting effects of her mental condition was simply not sufficient to support a finding of disability.  Accordingly, this argument by the plaintiff is without merit and is rejected.

The third and final issue raised by plaintiff Little involves the question of whether or not the ALJ's decision is supported by substantial evidence.  The plaintiff contends that it is not.  To support this conclusion, plaintiff Little essentially restates the same arguments that she offered in support of her previously raised issues.  Consequently, it appears that success on this third issue is predicated upon success on one or both of the previous issues.  As the undersigned has found plaintiff's earlier arguments to be without merit, logic dictates that consideration of this third issue is unnecessary.

## CONCLUSION

Based on the above analysis, **IT IS ORDERED** that the final decision of the Commissioner now under review be **AFFIRMED**.

**SO ORDERED** this 23rd day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE